AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### for the
Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>USdistrictcourt.org@gmail.com (TARGET ACCOUNT),<br>hosted at premises controlled by Google LLC, more fully<br>described in Attachment A | )<br>)<br>)<br>)    Case No.  MJ22-127<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached hereto and incorporated herein by reference.

located in the _____Northern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 912 | Impersonation of an Officer of the United States. |

The application is based on these facts:

Please see Affidavit of Deputy U.S. Marshals Service Alberto Aguilar.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Alberto Aguilar, Deputy U.S. Marshal
*Printed name and title*

Sworn to before me and signed in my presence.

Date:      03/31/2022

*Judge's signature*

City and state:  Seattle, Washington

S. Kate Vaughan, United States Magistrate Judge
*Printed name and title*

USAO No. 2022R00372

**A F F I D A V I T**

STATE OF WASHINGTON     )
                                )     ss
COUNTY OF KING           )

     I, Alberto Aguilar, having being duly sworn, state as follows:

## INTRODUCTION AND AGENT BACKGROUND

     1.     I am a Deputy United States Marshal (DUSM) assigned to the Western District of Washington. I began my employment with the United States Marshals Service in 2010. I graduated from the United States Marshals Service Training Academy and the Federal Law Enforcement Training Center for Criminal Investigators. I am currently assigned to the Pacific Northwest Violent Offender Task Force. One of my responsibilities is to locate and apprehend fugitives. I operate out of the United States Courthouse in Vancouver, Washington. My training has included attending the Criminal Investigators Training Program at the Federal Law Enforcement Training Center, as well as Basic Deputy United States Marshal Training in Glynco, Georgia. I have also completed High Risk Fugitive Apprehension training in Portland, Oregon. I have been the case agent for numerous fugitive cases. I have used various methods to conduct in-depth investigations to locate fugitives. I have received training and experience involving criminal investigations and electronic surveillance.

     2.     This affidavit is submitted in support of an application to search **USdistrictcourt.org@gmail.com (TARGET ACCOUNT)**, which is hosted by Google LLC, a corporation based in Mountain View, California. The requested warrant would require Google to disclose law enforcement material listed in Section I of Attachment B and would authorize law enforcement officers to search for and seize the material listed in Section II of Attachment B.

     3.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 912

(Impersonation of an Officer of the United States) have been committed by an individual using the TARGET ACCOUNT.  The requested material is expected to contain further evidence of fraud, as well as evidence that will help the government further establish and prove the identity of the person who is impersonating a United States Marshal.  Therefore, probable cause exists to believe that the account will contain evidence and instrumentalities of 18 U.S.C. § 912.

4.     The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

5.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## STATEMENT OF PROBABLE CAUSE

6.     On March 03, 2022, K.C., a pediatric health care provider at the Seattle Cancer Care Alliance and Seattle Children's Hospital, emailed me an audio file of a voicemail from an individual who identified himself as United States Marshal Gary Hartnett.  The voicemail stated that the individual had "important legal documents" to discuss with K.C. and requested that K.C. return his call at 206-350-9946.

7.     When K.C. returned the call, the individual stated that the call was being conducted on a recorded line.  The individual stated that she had failed to appear as an expert witness in a juvenile case on Monday, February 21, 2022, and now had two warrants out for her arrest.  She was further informed by the individual that the United States Marshals had a

Affidavit of Alberto Aguilar - 2
USAO# 2022R00372

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

signed subpoena with her signature obtained by two uniformed officers on Wednesday, January 19, 2022, at 2:07 P.M. The individual asserted that the subpoena had been delivered to her at 825 Eastlake Avenue in Seattle, which is the address for the Seattle Cancer Care Alliance clinic.  To resolve this matter, she was instructed by the individual to proceed with either the "criminal process" or "civil process."  For the "criminal process," she could turn herself in that day and be "apprehended" for up to 72 hours while bond and court dates are reset, and this would be a part of her public record moving forward.  Or, to proceed with "civil process," she would need to secure a civil surety bond with the court and appear at court at 700 Stewart Street in Seattle on the same day to take a signature verification test to prove that it was not her signature on the subpoena.  Upon verification, the surety bond payment would be refunded to her.

8. The individual provided the following warrant and bond information: Contempt of Court (COC): 7-21-068 with bond of $1,000 and Failure to Appear (FTA): 46-64-025 with bond of $1,000.  The individual stated that K.C. could make the $2000 payment via digital payment systems Zelle or Google Pay to **TARGET ACCOUNT**.  Digital payment systems like Zelle and Google Pay allow users to send money to an account identified by an email address (such as **TARGET ACCOUNT**) or a phone number.

9. K.C. stated that she questioned the validity of the individual's statements throughout the call.  For example, she informed the individual that she could not have signed the subpoena allegedly delivered to the clinic in January because she was not seeing patients at the clinic in January.  The individual responded that a secretary or security guard could have signed for her and she was still legally responsible.

10. Additionally, although K.C. had returned the call at the number provided in the voicemail (ending in -9946), the phone number that appeared on her caller ID screen was 206-370-8600.  The individual instructed her to search the internet for the phone number, the search engine associated the phone number with "US Marshals Service" in Seattle.

11. The individual insisted that he was a real United States Marshal, and she was indeed in contempt of court for a juvenile case. He further said that there was a no-contact

Affidavit of Alberto Aguilar - 3
USAO# 2022R00372

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

order and gag-order placed by the judge, so if she tried to contact a lawyer or discussed this matter with anyone else, she would forfeit the civil process and be prosecuted under the criminal process that he had previously explained which would ultimately result in her arrest. He also refused to provide any information about the case as it "involved a minor."

12.     While the individual had K.C. "on hold," she called the United States District Court in Seattle and spoke with court personnel who confirmed that the call was a scam.

### BACKGROUND REGARDING GOOGLE'S SERVICES

13.     In my training and experience, I have learned that Google provides a variety of on-line services, including electronic mail (email) access, to the general public.  Google provides subscribers email and chat accounts at the domain name "@gmail.com."

14.     Subscribers obtain an account by registering with Google.  When doing so, Google asks the subscriber to provide certain personal identifying information.  This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users, and to help establish who has dominion and control over the account.

15.     Google typically retains certain transactional information about the creation and use of each account on their systems.  This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account.  In addition, email providers often have records of the IP address used to register the account and the IP addresses associated with particular logins to the account.  As with subscriber records, IP address information can help to identify which computers or other devices were used to access the email account, which in turn can be used

Affidavit of Alberto Aguilar - 4
USAO# 2022R00372

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

to identify the account's user or users, and to help establish who has dominion and control over the account.

16.     In some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.  In my training and experience, such information may constitute evidence of the crimes under investigation, because the information can be used to identify the account's user or users.

17.     In general, an email that is sent to a subscriber is stored in the subscriber's "mail box" on the email provider's servers until the subscriber deletes the email.  When the subscriber sends an email, it is initiated at the user's computer, transferred via the Internet to the provider's servers, and then transmitted to its end destination.  The email provider often maintains a copy of received and sent emails.  Unless the sender specifically deletes an email from the email provider's server, the email can remain on the system indefinitely.  Even if the subscriber deletes the email, it may continue to be available on the email provider's servers for some period of time.

18.     A sent or received email typically includes the content of the message, source and destination addresses, the date and time at which the email was sent, and the size and length of the email.  If an email user writes a draft message but does not send it, that message may also be saved by the email provider but may not include all of these categories of data.

19.     In addition to email and chat, Google offers subscribers numerous other services including, (i) Location History, which saves information about the physical locations of devices logged into a Google account; and (ii) Web & Activity, which saves information about Google web searches and browsing activity conducted by a user logged into a particular Google account.

Affidavit of Alberto Aguilar - 5
USAO# 2022R00372

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

20.     Information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time.

21.     Information maintained by the email provider can show how and when the account was accessed or used.  For example, email providers typically log the IP addresses from which users access the email account, along with the time and date of that access.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner.  Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email).

22.     Based on my training and experience, I know that criminals sometimes use multiple email accounts.  These accounts may be linked together in that they may share common recovery information (for example, the same recovery phone number or email address), or Google records may show that the accounts were accessed by the same device or IP address.  Identifying linked accounts can assist investigators in determining the true identities of the persons using the accounts.  Accordingly, the requested warrant would require Google to provide subscriber and other non-content information associated with accounts linked to the **TARGET ACCOUNT**.

23.     This Application seeks a warrant to search all responsive records and information under the control of Google, a provider subject to the jurisdiction of this court,

Affidavit of Alberto Aguilar - 6
USAO# 2022R00372

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

regardless of where Google has chosen to store such information.  The government intends

to require the disclosure pursuant to the requested warrant of the contents of wire or

electronic communications and any records or other information pertaining to the customers

or subscribers if such communication, record, or other information is within Google's

possession, custody, or control, regardless of whether such communication, record, or other

information is stored, held, or maintained outside the United States.

24.    This warrant will be executed under the Electronic Communications Privacy

Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the

warrant to require Google to disclose to the government copies of the records and other

information (including the content of communications and stored data) particularly described

in Section I of Attachment B.  Upon receipt of the information described in Section I of

Attachment B, government-authorized persons will review that information to locate the

items described in Section II of Attachment B.

## REQUEST FOR NONDISCLOSURE AND SEALING

25.    The government requests, pursuant to the preclusion of notice provisions of

Title 18, United States Code, Section 2705(b), that Google be ordered not to notify any

person (including the subscriber or customer to which the materials relate) of the existence of

these warrants for such period as the Court deems appropriate.  In this case, such an order is

appropriate because the search warrants relate to an ongoing criminal investigation and

disclosure would provide the targets with information about the government's investigation

that could be used to frustrate further investigative efforts.

26.    I further request that the Court order that all papers in support of this

application, including the affidavit and search warrant, be sealed until further order of the

Court.  These documents discuss an ongoing criminal investigation that is neither public nor

known to all of the targets of the investigation.  There is good cause to seal these documents

because their premature disclosure may give the subjects an opportunity to flee from

prosecution, dissipate assets, destroy or tamper with evidence, change patterns of behavior,

notify confederates, or otherwise seriously jeopardize the investigation.

Affidavit of Alberto Aguilar - 7
USAO# 2022R00372

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

27.     For these reasons, I am requesting that the Court issue an order sealing the search warrant, search warrant return, application and affidavit for the search warrant, and all attachments for a period of 60 days.

## CONCLUSION

28.     Based on the foregoing, I believe there is probable cause to believe that evidence, instrumentalities, contraband, and/or fruits of violations of Title 18, United States Code, Section 912 (Impersonation of an Officer of the United States) will be found in the **TARGET ACCOUNT**, as more fully described in Attachment A to this Affidavit.  I therefore request that the Court issue a warrant authorizing a search of the **TARGET ACCOUNT**, for the items more fully described in Attachment B hereto, incorporated herein by reference, and the seizure of any such items found therein.

29.     Because the warrant will be served on Google, which will then compile the requested records at a time convenient to them, reasonable cause exists to permit the execution of the requested warrants at any time in the day or night.

ALBERTO AGUILAR
Deputy
United States Marshals Service

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone on 31st day of March, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

Affidavit of Alberto Aguilar - 8
USAO# 2022R00372

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT A**

**Property to Be Searched**

This warrant applies to the electronically stored data, information and communications contained in, related to, and associated with, including all preserved data, the following account: **USdistrictcourt.org@gmail.com** (**TARGET ACCOUNT**), as well as all other subscriber and log records associated with TARGET ACCOUNT, which is located at premises owned, maintained, controlled or operated by Google LLC, an email and service provider that accepts service of legal process at 1600 Amphitheatre Parkway, Mountain View, California.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be disclosed by Google LLC (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for the **TARGET ACCOUNT** identified in Attachment A:

a.   The contents of all emails associated with the **TARGET ACCOUNT**, including stored or preserved copies of emails sent to and from the accounts, draft emails, the source and destination addresses associated with each emails, the date and time at which each email was sent, and the size and length of each email;

b.   All subscriber records associated with the specified accounts, including 1) names, email addresses, and screen names; 2) physical addresses; 3) records of session times and durations; 4) length of service (including start date) and types of services utilized; 5) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address such as internet protocol address, media access card addresses, or any other unique device identifiers recorded by Google in relation to the account; 6) account log files (login IP address, account activation IP address, and IP address history); 7) detailed billing records/logs; 8) means and source of payment; and 9) lists of all related accounts;

c.   All records or other information stored by any individual using the accounts, including address books, contact and buddy lists, calendar data, pictures, and files;

Attachment B – 1
USAO# 2022R00372

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d.      any Google Chat/Messenger information and/or records, including any contact or friend list, time, date, and IP address logs for Chat and Messenger use, and any archived web messenger communications stored on servers;

e.      any Google Search Console content from inception to the present;

f.      any Google Web & Activity content from inception to the present;

g.      any Google Chrome Sync content from inception to the present;

h.      any Google Location History content from inception to the present;

i.      any account history, including any records of communications between Google and any other person about issues relating to the accounts, such as technical problems, billing inquiries, or complaints from other users about the specified account.  This to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber in connection with the service;

j.      All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

This Search Warrant also requires Google to produce the following information for **TARGET ACCOUNT**:

a.      list of all other accounts linked to the TARGET ACCOUNT because of cookie overlap;

b.      a list of all other accounts that list the same SMS phone number as the TARGET ACCOUNT;

c.      a list of all other accounts that list the same recovery email address as the TARGET ACCOUNT;

Attachment B – 2
USAO# 2022R00372

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d.  a list of all other accounts that shared the same creation IP address as the TARGET ACCOUNT within 30 days of creation;

e.  The Accounts referred to in subparagraphs (a) through (d) above are referred to herein as the "Linked Subject Accounts." Google shall produce subscriber records for each of the Linked Subject Accounts including 1) names, email addresses, and screen names; 2) physical addresses; 3) records of session times and durations; 4) length of service (including start date) and types of services utilized; 5) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address such as internet protocol address, media access card addresses, or any other unique device identifiers recorded by Google in relation to the account; 6) account log files (login IP address, account activation IP address, and IP address history); 7) detailed billing records/logs; 8) means and source of payment; and 9) lists of all related accounts.

f.  All records and other information (not including the contents of communications) relating to the Linked Subject Accounts, including:

i.  Records of user activity for each connection made to or from the Linked Subject Accounts from January 1, 2021 to the present, including log files; messaging logs; the date time, length, and method of connections, data transfer volume; user names; and source and destination Internet Protocol Addresses; cookie IDs; browser type;

ii.  Information about each communication sent or received by the Linked Subject Accounts from January 1, 2021 to the present, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

iii.   All records pertaining to devices associated with the accounts to include serial numbers, model type/number, IMEI, phone numbers, MAC Addresses.

**The Provider is hereby ordered to disclose the above information to the government <u>within 14 days of service</u> of this warrant.**

**II. Information to be seized by the government**

Upon receipt of the information described in Section I, the government shall review the production and may seize the following material:

The following information that constitutes evidence and instrumentalities of violations of Title 18 United States Code, Section 912 (Impersonation of an Officer of the United States) for the **TARGET ACCOUNT**:

a.   Material containing personal identifying information or account access information of any person.

b.   Material that serves to identify any person who uses or accesses or who exercises in any way any dominion or control over the TARGET ACCOUNTS;

c.   Material evidencing the times and methods by which the TARGET ACCOUNTS was accessed;

d.   Material that serves to identify any persons connected to any person who accesses or who exercises in any way any dominion or control over the TARGET ACCOUNTS; and

e.   Material evidencing the user's state of mind as it relates to the crimes under investigation;

f.   Material that serves to identify any other accounts related to the TARGET ACCOUNTS; including accounts that share common recovery information or that are linked by cookies or in any other way;

Attachment B – 4
USAO# 2022R00372

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

h.      Content that may identify any alias names, online user names, "handles" and/or "nics" of those who exercise in any way any dominion or control over the accounts as well as records or information that may reveal the true identities of these individuals;

i.      Log records, including IP address captures, associated with the account;

j.      Subscriber records associated with the accounts, including 1) names, email addresses, and screen names; 2) physical addresses; 3) records of session times and durations; 4) length of service (including start date) and types of services utilized; 5) telephone or instrument number or other subscriber number or identity, Including any temporarily assigned network address such as internet protocol address, media access card addresses, or any other unique device identifiers recorded by Google in relation to the account; 6) account log files (login IP address, account activation IP addresses, and IP address history); 7) detailed billing records/logs; 8) means and source of payment; and 9) lists of all related accounts;

k.      Records of communications between Google and any person purporting to be the account holder about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users about the specified account.  This to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber as a result of the communications;

l.      Android or Apple identification number, MEID, and cellular telephone number; and

m.      Information identifying accounts that are linked or associated with the account.

Attachment B – 5
USAO# 2022R00372

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by Google, and my title is _____.  I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of Google.  The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**.  I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Google, and they were made by Google as a regular practice; and

b.      such records were generated by Google electronic process or system that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Google in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by Google, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____
Date                                             Signature

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970